[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 33, and the defendant husband, 51, married on February 8, 1986 at Southington, Connecticut. The court has jurisdiction based on the plaintiff's continuous residence in this state for a year prior to commencing this action. There are two children, issue of the marriage, Brittany M. born September 10, 1989 and John A. born June 5, 1991. No other child has been born to the plaintiff since the date of the marriage. The parties separated in August, 1992. The court finds the marriage has broken down irretrievably. Judgment is entered on the first count of the complaint dissolving the marriage of these parties. The second count is dismissed as moot.
The plaintiff has been employed by Travelers Insurance Co. since August, 1980 until being laid off on April 5, 1994. She is presently receiving her pay in the form of severance which will expire after 52 weeks. She is currently attending school at Connecticut Computer Service daily from 9:00 a.m. to 5:00 p. m. learning Novell network programs. The tuition is paid with a grant.
At the time of the marriage, the defendant was the proprietor of Wolcott Coin which he sold in 1988. The defendant handled the household finances during the marriage. After a CT Page 7016 year's hiatus, the defendant became employed as a slitter at a steel company where he has worked as much as 104 to 112 hours weekly, on the 11:00 p. m. to 7:00 a.m. shift.
The parties own a home located at 16 Cole Drive, Wolcott which was built on a lot purchased with the defendant's money and credit. Both parties agree the property should be sold.
In 1990 the defendant received a tort claim settlement of $44,082. (Defendant's Exhibit #4), which was deposited to the parties' checking account. When plaintiff left the defendant, she withdrew $26,320 from the joint checking account (Defendant's Exhibit #1), leaving a balance of $14,000.
The plaintiff's mother entrusted $30,000 which she had received from a tort claim to the parties. The plaintiff has since returned the money to her mother. Although defendant claimed a gift, the court is satisfied that the parties were acting as trustees, no gift being intended (cf. defendant's Exhibits #2 and #3, certificates of deposit).
The parties have not spoken directly to one another in two years.
Both parties are in good health and have similar educational backgrounds as high school graduates.
The plaintiff testified to physical abuse and threats received from the defendant which he vigorously denied. The court concludes that the defendant's behavior in this regard contributed to the marriage breakdown.
Having reviewed the evidence in light of the statutory criteria, the court enters the following orders as part of the judgment.
1. The plaintiff is awarded sole custody of the two minor children.
2. The defendant is entitled to the rights afforded a non-custodial parent per § 46b-56 (e) Connecticut General Statutes.
3. The defendant is awarded reasonable visitation rights[1]
which shall be: CT Page 7017
 a. Alternating Saturdays and Sundays from 10:00 a.m. to 6:00 p. m. The defendant shall remain in his vehicle.
 b. Every Wednesday from 4:00 p. m. to 7:00 p. m. He will pick them up at day care and the drop off at home will be done by a third party.
4. The defendant is ordered to pay $173 weekly for the support of the minor children. An arrears of $500 due on the pendente lite order was reported at trial and is so found. The defendant shall pay $37 weekly on said arrears until paid in full. A wage withholding is ordered. Payment is ordered made directly to the plaintiff. The guidelines worksheet is attached as Appendix A.
5. The defendant is ordered to pay to the plaintiff the sum of $1.00 yearly as periodic alimony until the death of either party or the remarriage of the plaintiff.
6. The defendant shall carry the minor children on all available medical, dental and similar health insurance as available through his employment. Section 46b-84 (c) is incorporated in this order. All uninsured bill balances including deductibles shall be paid equally by the parties.
7. The real estate known as 16 Cole Drive, Wolcott, Connecticut is ordered sold. The parties shall agree on price, broker and other details of sale. Failing agreement, either party may move the court for articulation of this order or for further order. Upon closing of title, the net proceeds shall be divided by payment of 60% to the defendant and 40% to the plaintiff.
8. The parties shall each retain those household items presently possessed. Upon sale of the real property, the parties shall divide the furnishings presently in the marital home, the intention of this order being to allow showings of the house in a furnished condition. If the parties cannot conclude division, either party may bring the dispute to court for a hearing.
9. The defendant shall pay the mortgage installments until the marital home is sold and he is awarded exclusive possession during this time. CT Page 7018
10. The plaintiff is awarded sole ownership of the 1989 Oldsmobile Cutlass auto. The defendant shall retain the 1985 Corvette as his sole property.
11. Each party shall be solely responsible for payment of the debts as listed on the financial statements and shall hold the other party harmless.
12. The counsel for the minor children is awarded $4,000 for his services. Each party shall pay 50% of said award on or before September 1, 1994.
13. A parenting course is ordered taken by each party, per legislation effective January 1, 1994.
14. The court orders restoration of the plaintiff's maiden name Cappellino.
Counsel for the plaintiff is directed to prepare the judgment file within 30 days.
HARRIGAN, J.